**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MELISSA C. BUTTERWORTH,

    Plaintiff,

v.                                                          Case No. 3:08-cv-411-J-34JRK

LABORATORY CORPORATION
OF AMERICA HOLDINGS,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Laboratory Corporation of America Holdings' (LabCorp) Objection to December 31, 2015 Order of Magistrate (Dkt. No. 478; Objections). On December 31, 2015, the Honorable James R. Klindt, United States Magistrate Judge, entered an Order (Dkt. No. 477; Order) granting Smith, Gambrell & Russell, LLP's (SGR) Motion to Strike Defendant's § 1927 Claim Against Plaintiff's Counsel as Untimely. See Objections at 1. On January 14, 2016, LabCorp filed its Objections. SGR then filed a response to the Objections on January 27, 2016. See Non-Party SGR's Response to Defendant's Objection to Order of Magistrate Judge (Dkt. No. 481; Response to Objections). Accordingly, the matter is ripe for the Court's consideration.

Before addressing the merits of LabCorp's Objections, the Court will identify the standard of review which the Court will apply in this matter. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure (Rule(s)), where a Magistrate Judge's ruling concerns a pre-trial, non-dispositive matter, the Court must consider timely objections and "modify or

set aside any part of the order that is clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(B); Rule 72(a). However, if the ruling is dispositive of a claim, the Court must conduct a de novo review of any part of the Magistrate Judge's decision to which a proper objection is raised. See 28 U.S.C. § 636(b)(1)(A); Rule 72(b)(3). Notably, even in the absence of any objection, the court retains the discretion to conduct a de novo review of a magistrate judge's decision. See F.T.C. v. Worldwide Info Servs., Inc., No. 6:14-CV-8-ORL-41DAB, 2015 WL 144389, at *3 (M.D. Fla. Jan. 12, 2015) (citing Stephens v. Tolbert, 471 F.3d 1173, 1176 (11th Cir. 2006)). Here although the parties disagree as to whether an order striking a claim for attorneys' fees under 28 U.S.C. § 1927 is a dispositive order, they agree that, at least that in an abundance of caution the Court should conduct a de novo review of the Magistrate Judge's decision. See Objections at 3; Response to Objections at 2. In light of the parties' representations and the Court's determination that the application of a particular standard of review is not determinative of the outcome of the matter, the Court will apply the more stringent de novo standard of review.

Upon independent review of the Order, the Court will overrule the Objections. In doing so, the Court finds that the Magistrate Judge correctly concluded that to the extent LabCorp's filing of its § 1927 claim for attorneys' fees was governed by Rule 4.18 of the Local Rules of the United States District Court of the Middle District of Florida (Local Rule(s)), it was not timely filed. Additionally, the Magistrate Judge was correct in finding that even if Local Rule 4.18 did not apply, LabCorp unreasonably delayed in filing the § 1927 claim, which caused SGR unfair surprise and prejudice.

In the Objections, LabCorp contends that the Magistrate Judge injected a notice requirement into § 1927, and thus improperly concluded that LabCorp failed to preserve

its claim under Local Rule 4.18.  See Objections at 5.  Specifically, LabCorp asserts that in reaching this conclusion the Magistrate Judge improperly required that it provide notice of its § 1927 claim in each of its motions for extension in order to preserve its § 1927 claim. Id. at 5-6.  Although LabCorp is correct that § 1927 does not have a notice requirement, its objection misapprehends the basis of the Magistrate Judge's finding that LabCorp's § 1927 claim for attorneys' fees was untimely under Local Rule 4.18.

The Magistrate Judge correctly observed that LabCorp failed to bring its § 1927 claim for attorneys' fees within the period contemplated by Local Rule 4.18.  LabCorp's contention that it obtained extensions of time to file such a claim ignores the distinction between a claim for attorneys' fees as a sanction pursuant to 28 U.S.C. § 1927 and a claim for attorneys' fees brought pursuant to Rule 54(d)(2).  See Rule 54(d)(2)(E).  Indeed, Rule 54(b)(2)(E) unequivocally states that the procedures of Rule 54 do not apply to motions for sanctions brought pursuant to 28 U.S.C. § 1927.  Id.  In the Order, the Magistrate Judge discusses LabCorp's failure to mention its § 1927 claim in its various motions for extensions of time not because he interpreted § 1927 as requiring advance notice of such a claim, but rather to demonstrate that LabCorp failed to seek an extension of the deadline for filing a § 1927 claim for attorneys' fees as opposed to a claim under Rule 54.  As noted by the Magistrate Judge, LabCorp repeatedly sought a stay or extension of the deadline to file a motion "seeking attorneys' fees and other non-taxable expenses pursuant to Rule 54(d)(2)."  Order at 5-6.  However, the § 1927 claim is not a request for fees or expenses made "pursuant to Rule 54."  It is a separate and distinct claim which is penal in nature,[1] governed by different standards and implicating different

---

[1] Norelus v. Denny's, Inc., 628 F.3d 1270, 1281 (11th Cir. 2010) (noting that § 1927 should be strictly construed because it is penal in nature).

concerns.[2]  LabCorp had the opportunity to file a § 1927 claim any time before final judgment and up to 14 days thereafter in conformity with Local Rule 4.18—it simply failed to do so.  Additionally, LabCorp could have sought an extension of time to file a claim pursuant to § 1927, but it did not do so.  As noted by the Magistrate Judge, nothing in the motions to which Plaintiff through SGR consented suggested that Plaintiff, much less SGR, was consenting to an extension of time for LabCorp to seek attorneys' fees against SGR for multiplying the proceedings "unreasonably and vexatiously."  28 U.S.C. § 1927.  Therefore, the Magistrate Judge did not improperly inject a notice requirement into § 1927.  Instead, the Magistrate Judge properly concluded that LabCorp's § 1927 claim was not timely filed if Local Rule 4.18 applies to such motions.

LabCorp's second objection is that the Magistrate Judge improperly concluded that SGR incurred unfair surprise or prejudice.  Objections at 9.  Absent a local rule, claims for attorneys' fees must be made within a reasonable time after final judgment and such claims cannot cause "unfair surprise or prejudice" to the non-moving party.  Baker v. Alderman, 158 F.3d 516, 523 (11th Cir. 1998).  The Magistrate Judge found that should Local Rule 4.18 be inapplicable, LabCorp's motion for § 1927 attorneys' fees was nevertheless untimely because it was not made within a reasonable time and caused SGR unfair surprise and prejudice.  See Order at 7.

LabCorp objects to this finding, arguing that the Magistrate Judge failed to provide "concrete factual support" for the conclusion that SGR incurred unfair surprise and

---

[2] Indeed, a claim for fees under Rule 54 hinges on the merits of a party's claims whereas a claim for fees under § 1927 is brought against the attorney and depends on the litigation tactics and actions, of the attorney. Moreover, § 1927 authorizes an award only of excess costs and attorneys' fees incurred because of the "unreasonable and vexatious multiplication of the proceedings," not fees and expenses incurred in the ordinary course of litigation.

prejudice. See Objections at 14. This objection is due to be overruled. In the Order, the Magistrate Judge explained that SGR was unfairly surprised because LabCorp failed to raise the topic of a § 1927 claim during the many discussions regarding LabCorp's motions for extensions of time to file a motion for an award of attorneys' fees. See Order at 8. Additionally, the Magistrate Judge found that SGR had been prejudiced because it had not been made aware that LabCorp wished to pursue a § 1927 claim against SGR at any time during the parties' extensive settlement negotiations regarding the specific issue of attorneys' fees. See id. The Magistrate Judge properly found that this failure likely influenced SGR's willingness to consent to the two years of extensions sought by LabCorp and that it would have had an effect on SGR's overall negotiation position during the parties' settlement talks. Since LabCorp's § 1927 claim for attorney's fees is inextricably tied to the SGR's intent and conduct during the litigation, and thus the memories of its counsel, the Magistrate Judge also was correct in finding that SGR was prejudiced by the delay due to the fading of memories over time. Id. Thus, the Court finds that the Order identified sufficient evidence of unfair surprise and prejudice to SGR.

Claims for attorneys' fees must be made within a reasonable period of time after entry of the final judgment. Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1536 (11th Cir. 1987). In consideration of the foregoing, this Court agrees that LabCorp's § 1927 claim was not made within a reasonable time. Indeed, LabCorp's twenty-one month delay was unreasonable and unfairly prejudicial to SGR. See Order at 7.

Upon independent review of the Order, the Court will overrule the Objections. Accordingly, it is hereby **ORDERED**:

1. Defendant's Objections to the Order dated December 31, 2015 (Dkt. No. 478) are **OVERRULED**.

2. The Magistrate Judge's Order (Dkt. No. 477) is **ADOPTED** as the opinion of the Court as supplemented here.

3. The § 1927 claim for attorneys' fees against Smith, Gambrell & Russell. LLP set forth in Section IV of Defendant's Motion for Attorneys' Fees and Related Non-Taxable Costs (Dkt. No. 453) remains **STRICKEN**.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2016.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

i34

Copies to:

The Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record